**No. 26-11299**

**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

**SUPREME LINEN SERVICES, INC.,**
*Plaintiff-Appellant,*
v.
**UNITED STATES OF AMERICA,**
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Southern District of Florida
No. 1:25-cv-20723-JB, Hon. Jacqueline Becerra

# APPELLANT'S PRINCIPAL BRIEF

Gray Proctor
KOSTELANETZ LLP
309 E. Paces Ferry Rd., NE
4th Floor
Atlanta, GA 30342
Phone: (404) 301-4791

*Counsel for Appellant*

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

---

Supreme Linen Services, Inc. v. United States of America,
Appeal No. 26-11299

---

The following is a list of all persons and entities known to have an interest in the outcome of this appeal:

Becerra, Jacqueline, United States District Court Judge

Causey, Daniel B., IV, attorney for Defendant-Appellee

Haungs, Michael J., Director, Appellate Section, U.S. Department of Justice, Civil Division, Tax Litigation Branch

Klimas, Geoffrey J., attorney for Defendant-Appellee

Kostelanetz LLP, attorneys for Plaintiff-Appellant

Lapekas, Karen J., trial attorney for Plaintiff-Appellant

Lapekas Law, P.A.

Proctor, Gray, appellate attorney for Plaintiff-Appellant

Reding Quiñones, Jason A., U.S. Attorney for the Southern District of Florida

Supreme Linen Services, Inc., Plaintiff-Appellant

Torres, Edwin G., United States Magistrate Judge

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

---

Supreme Linen Services, Inc. v. United States of America,
Appeal No. 26-11299

---

United States of America, Defendant-Appellee

Wu, Joshua, Deputy Assistant Attorney General, U.S. Department of Justice, Civil Division, Tax Litigation Branch

Pursuant to Fed. R. App. P. 26.1 and Eleventh Circuit Rule 26.1-1, Supreme Linen Services, Inc. certifies that it is not publicly traded, that it has no parent corporation, and that no publicly held corporation owns 10% or more of its stock.

## STATEMENT REGARDING ORAL ARGUMENT

This case could substantially change how the IRS and the Department of Health and Human Services administer the Affordable Care Act's Employer Shared Responsibility Payment. A materially identical case was argued to the United States Court of Appeals for the Fifth Circuit on August 5, 2026. *Faulk Co., Inc. v. Kennedy*, No. 25-10773. Oral argument would help the Court engage with the important and novel issues presented.

# TABLE OF CONTENTS


STATEMENT REGARDING ORAL ARGUMENT .................................. i
TABLE OF CITATIONS .........................................................iv
STATEMENT OF JURISDICTION .........................................................1
STATEMENT OF THE ISSUE ON APPEAL.........................................2
STATEMENT OF THE CASE AND FACTS ...........................................4

- I. Statutory Framework. .................................................................4
  - A. Eligibility for and advance payment of premium tax credit. .....4
  - B. The Employer Shared Responsibility Payment. .........................6
- II. The 2018 ESRP assessed against Supreme Linen in 2022. ...........8
  - A. Factual basis for the 2018 ESRP. .............................................8
  - B. ESRP assessment and administrative refund claim. .................9
- III. Proceedings in the District Court. ...........................................10
- IV. Standards of Review on Appeal ...............................................13

SUMMARY OF THE ARGUMENT .......................................................14
ARGUMENT .........................................................................................15

- I. The IRS's Letter 226-J did not satisfy I.R.C. § 4980H(a)(2)'s requirement that potential ESRP liability be certified to the employer under ACA § 1411.......................................................................15
  - A. "Under Section 1411 of the ACA" means "according to the procedures described in Section 1411 of the ACA," including the employer notice requirements and HHS appeal rights. ..................15
  - B. Section 7801 does not give the IRS authority to perform duties assigned under ACA § 1411. .........................................................18
  - C. The Government's reading would make the HHS appeal process completely optional and ultimately meaningless. ..............22
  - D. It would not have been difficult or impossible for HHS to provide Supreme Linen's ACA § 1411 notice. .................................24
  - E. The Letter 226-J did not comport with the statutory and regulatory requirements that apply to notices under ACA § 1411. 26

F. Any regulations contrary to the best reading of the statute do not control. ....................27
CONCLUSION ....................29
CERTIFICATE OF COMPLIANCE ....................30
CERTIFICATE OF SERVICE ....................31

# TABLE OF CITATIONS

**Page(s)**

**Cases**

**Ardestani v. INS*, 502 U.S. 129 (1991) ....................................................20

*Ellis v. England*, 432 F.3d 1321 (11th Cir. 2005)......................................16

*Est. of Keeter v. Commissioner*, 75 F.4th 1268 (11th Cir. 2023).............16

*Exxon Mobil Corp. & Affiliated Cos. v. Commissioner*, 689 F.3d 191 (2d Cir. 2012)...................................................................................28

**Faulk Co., Inc. v. Becerra*, 777 F. Supp. 3d 714 (N.D. Tex. 2025), appeal argued sub nom. *Faulk Co., Inc. v. Kennedy*, No. 25-10773 (5th Cir. argued Aug. 5, 2026)...12–14, 20–21, 26, 30, 32, 34

*Flight Options, LLC v. United States*, 177 F.4th 709 (6th Cir. 2026) ..........................................................................................28

*Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205 (11th Cir. 2003).........................................................31

*Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423 (1974).................31

*Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024)..................33

*Mackey v. Lanier Collection Agency & Servs., Inc.*, 486 U.S. 825 (1988) .........................................................................................21

**Marx v. Gen. Revenue Corp.*, 568 U.S. 371 (2013) ..................................21

**Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109 (2018).......................20

*New York State Dept. of Social Servs. v. Dublino*, 413 U.S. 405 (1973) .........................................................................................27

**Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107 (11th Cir. 2016).....................................................................................20

*Saregama India Ltd. v. Mosley*, 635 F.3d 1284 (11th Cir. 2011)...........16

*U.S. Telecom Ass'n v. FCC*, 359 F.3d 554 (D.C. Cir. 2004) ....................33

*United States v. Marshall*, 798 F.3d 296 (5th Cir. 2015) ......................28

**Statutes**

26 U.S.C. § 36B ........................................................4–5, 7, 19, 23, 30

*26 U.S.C. § 4980H ..............................2–4, 7–9, 13–14, 17–25, 27–32, 35

26 U.S.C. § 5000A ..............................................................................19

26 U.S.C. § 6103 ......................................................................5, 19, 30

26 U.S.C. § 6305 .............................................................................22–23

26 U.S.C. § 7422 ..................................................................................1

26 U.S.C. § 7801 ...................................................................13–14, 22

26 U.S.C. § 7803 ...................................................................13–14, 22

28 U.S.C. § 1291 ..................................................................................1

28 U.S.C. § 1346 ..................................................................................1

42 U.S.C. § 18021 ..............................................................................19

42 U.S.C. § 18031 ....................................................................4, 19, 31

42 U.S.C. § 18041 ...........................................................................4, 19

*42 U.S.C. § 18081 (Patient Protection and Affordable Care Act § 1411) ........................................4–5, 8–9, 11–12, 14, 17–31, 33–34

*42 U.S.C. § 18082 .................................................5–6, 19–20, 31

**Regulations**

26 C.F.R. § 54.4980H-1 ..................................................................9, 13

26 C.F.R. § 54.4980H-4 ........................................................................7

45 C.F.R. § 144.103 ............................................................................31

*45 C.F.R. § 155.310(h) ..............................................8, 12, 14, 17, 32, 34

45 C.F.R. § 155.310(i) .......... 9, 11, 33

*77 Fed. Reg. 18,310 (Mar. 27, 2012) .......... 34

**Rules**

Fed. R. App. P. 4(a)(1)(B) .......... 1

**Other Authorities**

*Brief for the Appellants, *Faulk Co., Inc. v. Kennedy*, No. 25-10773 (5th Cir. Dec. 8, 2025) .......... 30

Centers for Medicare & Medicaid Services, *Health Insurance Exchanges 2025 Open Enrollment Report* (2025) .......... 5

Centers for Medicare & Medicaid Services, *Sample 2016 Employer Notice* .......... 32

## STATEMENT OF JURISDICTION

This is an appeal of a tax refund suit under I.R.C. § 7422(a) and 28 U.S.C. § 1346(a)(1). Supreme Linen filed a timely administrative claim for refund with the IRS before commencing suit. Doc. 14, at 4–5, ¶ 20.[1] The district court had jurisdiction under 28 U.S.C. § 1346(a)(1), which confers jurisdiction on district courts over civil actions against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected. The district court entered Final Judgment on February 25, 2026. Doc. 33. Supreme Linen timely filed its notice of appeal on April 18, 2026, within sixty days as required by Fed. R. App. P. 4(a)(1)(B). Doc. 34. This Court has jurisdiction under 28 U.S.C. § 1291.

[1] Citations to "Doc. __, at __" refer to the docket entry number in the district court and the page number in the CM/ECF header of that entry. Where a document is organized by numbered paragraphs, the paragraph number follows the page number.

## STATEMENT OF THE ISSUE ON APPEAL

The Affordable Care Act establishes insurance marketplaces and provides tax credits for lower-income individuals who purchase health insurance there. When an employer fails to offer affordable minimum essential coverage, the employer mandate imposes an excise tax if an employee claims a tax credit.

This appeal turns on the interpretation of 26 U.S.C. § 4980H(a), which imposes a substantial excise tax on employers who do not offer minimum essential coverage at all. Before the tax is imposed, subsection (a)(2) requires that at least one full-time employee "has been certified to the employer under section 1411 of the [ACA] as having enrolled for such month in a qualified health plan with respect to which an applicable premium tax credit . . . is allowed or paid with respect to the employee." Section 1411 of the ACA, in turn, describes the procedures that the Department of Health and Human Services must use to determine eligibility for advance payment of the tax credit. It also requires HHS to notify the employer of its potential excise tax liability, and to offer the employer an appeal with HHS.

Here, HHS never notified Supreme Linen that, in 2017, it determined an employee was eligible for an advance tax credit for 2018. Instead, the IRS notified Supreme Linen in 2021, far too late for any corrective action.

This appeal raises the following issue: whether the IRS's Letter 226-J satisfied 26 U.S.C. § 4980H(a)(2)'s certification requirement?

## STATEMENT OF THE CASE AND FACTS

The parties stipulated to all material facts. Doc. 14.

### I. Statutory Framework.

A. Eligibility for and advance payment of premium tax credit.

The Patient Protection and Affordable Care Act ("ACA") directs each state to establish an American Health Benefit Exchange ("Exchange") for insurers to offer health plans. 42 U.S.C. § 18031(b).[2] For states like Florida that do not create an Exchange, the responsibility falls to the Department of Health and Human Services ("HHS"). Doc. 19, at 4 n.3; *see* 42 U.S.C. § 18041(c).

For lower-income individuals, a premium tax credit is available to help cover the cost of an Exchange health plan. I.R.C. § 36B(c)(1)(A). The great majority of individuals eligible for a premium tax credit (ranging

[2] Section 1411 of the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119, 224 (2010), is codified at 42 U.S.C. § 18081. Because § 4980H(a)(2) refers to it by its ACA section number, this brief cites it as "ACA § 1411"; its subsections are numbered identically in the U.S. Code, so ACA § 1411(e)(4)(B)(iii), for example, is 42 U.S.C. § 18081(e)(4)(B)(iii). Other provisions of the ACA are cited to Title 42. Provisions of the Internal Revenue Code (26 U.S.C.) are cited as "I.R.C. § __."

from 84% in 2020 to 92% in 2025)[3] rely on advance payments of the tax credit to defray their monthly expense. 42 U.S.C. § 18082. When an individual applies for this advance premium tax credit, HHS decides whether they meet the estimated income requirement based on past-year information the applicant provides. ACA §§ 1411(a)(2), (b)(3), (e)(2)(A)(i); I.R.C. §§ 36B (c)(2)(B), 6103(l)(21). ACA § 1411(c)(3) directs HHS to verify that information with the Treasury Department. Applicants who are employed must also disclose whether the employer offers insurance. ACA § 1411(b)(4). This information may be verified in any manner that HHS determines to be appropriate. ACA § 1411(d).

HHS must then "notify the Secretary of the Treasury under section 18082(c) of this title of the amount of any advance payment to be made" over the coverage term. ACA § 1411(e)(2)(A)(ii). 42 U.S.C. § 18082(c)(2) directs Treasury to "make the advance payment" on a monthly basis. From there, the insurer must reduce the amount of the premium by the advance payment. 42 U.S.C. § 18082(c)(2)(B).

---

[3] Center for Medicare and Medicaid Services, "Health Insurance Exchanges 2025 Open Enrollment Report," at 17, *available at* https://www.cms.gov/files/document/health-insurance-exchanges-2025-open-enrollment-report.pdf

B. The Employer Shared Responsibility Payment.

The ACA also includes an employer mandate for large employers to provide affordable minimum essential coverage.[4] I.R.C. § 4980H. The Employer Shared Responsibility Payment ("ESRP") enforces the employer mandate. ESRP liability follows if even one full-time employee receives a tax credit, paid in advance or otherwise. I.R.C. § 4980H(a)(2), (c)(3). Where, as here, the employer does not offer insurance at all, the amount turns on the total number of full-time employees. I.R.C. § 4980H(a)(2), (c)(1), (c)(2)(D) (monthly excise tax is equal to 1/12 of $2,000, multiplied by the total number of full-time employees minus 30).[5]

Accordingly, when HHS determines that an enrollee is eligible for an advance tax credit, it must notify the employer that it "may be liable" for an ESRP. ACA § 1411(e)(4)(B)(iii). The notice must also explain that HHS maintains an appeals process. ACA § 1411(e)(4)(C). The appeals process must allow the employer to present evidence, and provide "access

---

[4] By regulation, Treasury does not seek to impose the penalty if 95% or more of full-time employees are offered such coverage for the month. 26 C.F.R. § 54.4980H-4(a).
[5] When an employer's minimum essential coverage is not "affordable" for an employee, I.R.C. § 4980H(b) applies a much less harsh penalty based only on the number of employees who claim a credit. *See* I.R.C. §§ 36B(c)(2)(B)–(C).

to the data used to make the determination to the extent allowable by law." ACA § 1411(f)(2). This appeals process "shall be in addition to any rights of appeal the employer may have" under Title 26. *Id.* 45 C.F.R. § 155.310(h) provides that the notification must occur "within a reasonable timeframe following a determination that the employee is eligible" for an advance credit.

I.R.C. § 4980H(a)(2) makes employer notification a prerequisite to the tax. At least one employee must be "certified to the employer under [ACA § 1411] as having enrolled for such month in a qualified health plan with respect to which an applicable [advance] premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee." I.R.C. § 4980H(a)(2), (c)(3).

The key issue in this appeal is which agency issues the ACA § 1411 certification. The regulations point in different directions. The IRS's regulation at 26 C.F.R. § 54.4980H-1(a)(40) leaves the certification process to HHS. It defines a "Section 1411 Certification" as

> the certification received as part of the process established by the Secretary of Health and Human Services under which an employee is certified to the employer under section 1411 of the Affordable Care Act as having enrolled for a calendar month in a qualified health plan with respect to which an

> applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee.

However, HHS's regulation at 45 C.F.R. § 155.310(i) purports to give that responsibility to the IRS:

> (i) Certification program for employers. As part of its determination of whether an employer has a liability under section 4980H of the Code, the Internal Revenue Service will adopt methods to certify to an employer that one or more employees has enrolled for one or more months during a year in a QHP for which a premium tax credit or cost-sharing reduction is allowed or paid.

## II. The 2018 ESRP assessed against Supreme Linen in 2022.

### A. Factual basis for the 2018 ESRP.

Supreme Linen is a Florida corporation that provides commercial laundry services to restaurants and hotels in the Miami area. Doc. 14, at 1, ¶ 1; Doc. 19, at 7. On or about November 2, 2017, HHS determined that a Supreme Linen employee had enrolled in a qualified health plan through an Exchange for 2018 and was eligible for an advance tax credit. Doc. 14, at 2, ¶ 10. HHS did not notify Supreme Linen of this determination, or of its right to appeal. Doc. 14, at 3, ¶¶ 11–13.

Supreme Linen did not offer its employees the opportunity to enroll in minimum essential coverage for the first seven months of 2018, from

January through July. Doc. 14, at 2, ¶ 8. Between 43 and 57 of Supreme Linen's full-time employees were allowed a premium credit for each of those months. *Id.* Supreme Linen began offering the mandated health insurance to its full-time employees in August 2018. Doc. 14, at 2, ¶ 9.

B. ESRP assessment and administrative refund claim.

On March 5, 2021, the IRS issued a Letter 226-J to Supreme Linen proposing an ESRP of $184,436.82 for 2018. Doc. 14-2, at 3–15. The letter stated that it "certifies, under Section 1411 of the [ACA], that for at least one month in the year, one or more of your full-time employees was enrolled in a qualified health plan for which a PTC was allowed." Doc. 14-2, at 3.[6] On March 21, 2022, the IRS assessed the 2018 ESRP against Supreme Linen in the amount of $184,436.82. Doc. 14, at 4, ¶ 17.

Supreme Linen paid the assessment and timely filed a refund claim, arguing that the required ACA § 1411 certification never issued. Doc. 14, at 4–5, ¶¶ 18–20; Doc. 18-3. The IRS denied the claim because 45 C.F.R. § 155.310(i) allows it to "adopt methods to certify to an

[6] Supreme Linen disputed that it received the original Letter 226-J, but does not dispute that it received a Proposed ESRP Follow-Up Letter 5040-J, dated July 5, 2021, that attached a copy of Letter 226-J. Doc. 14, at 4, ¶¶ 15–16.

employer," and it had chosen to use the Letter 226-J. Doc. 14, at 5, ¶ 21; Doc. 14-4, at 4. Supreme Linen sought review by the IRS Independent Office of Appeals, but the parties did not resolve the issue within six months. Doc. 14, at 1, 5, ¶¶ 4, 23.

### III. Proceedings in the District Court.

Supreme Linen filed a refund suit, explaining that the Letter 226-J did not meet the requirements of a certification under ACA § 1411 because: 1) it was not issued by HHS or an Exchange; 2) it was not issued within a reasonable timeframe after the eligibility determination under 45 C.F.R. § 155.310(h); and, 3) it did not notify Supreme Linen of its right to an HHS appeal with the statutory procedural guarantees. Doc. 1, at 9–10, ¶ 40. The United States filed an Answer, Doc. 2, and Supreme Linen subsequently moved for summary judgment, relying heavily on *Faulk Company v. Becerra*, 777 F. Supp. 3d 714 (N.D. Tex. 2025), appeal argued sub nom. *Faulk Co., Inc. v. Kennedy*, No. 25-10773 (5th Cir. argued Aug. 5, 2026). Doc. 18, at 15–18.

In response, the United States cross-moved for summary judgment, arguing that the IRS's authority to administer Title 26 extends to I.R.C. § 4980H(a)(2)'s certification requirement notwithstanding the cross-

reference. Doc. 19, at 8, 12–13 (citing I.R.C. §§ 7801(a)(1), 7803(a)(2)(A)). According to the Government, the relevant statutes did not speak clearly enough to place that authority with HHS instead. Supreme Linen filed a response/reply, Doc. 20, and the Government filed a reply. Doc. 25. The district court heard oral argument on the cross-motions. Doc. 37.

On February 25, 2026, the district court granted the United States' Cross-Motion for Summary Judgment and denied Supreme Linen's Motion for Summary Judgment. Doc. 32. The district court held that I.R.C. §§ 7801(a)(1) and 7803(a)(2)(A) vest the IRS with authority to administer I.R.C. § 4980H(a)(2) by default, and that neither the statutory phrase "under section 1411 of the [ACA]" nor 26 C.F.R. § 54.4980H-1(a)(40) gives authority to HHS instead. Doc. 32, at 12–19. The district court expressly declined to follow *Faulk Company*, reasoning that the court had not addressed §§ 7801 and 7803. Doc. 32, at 13 n.3.

The district court also held that the certification required by I.R.C. § 4980H is substantively different from the notice described in ACA § 1411(e), so that the timing and content requirements of 45 C.F.R. § 155.310(h) and ACA § 1411(f)(2) do not apply. Doc. 32, at 19–26. The court looked to the distinctions between the terms "notify" and "certify"

in the two statutes, and to the triggers for each. *Id.* The court also reasoned that ACA § 1411(e) applies only when an advance credit is claimed, not when an enrollee claims the credit for the first time on a tax return. Doc. 32, at 25–26. It thus concluded the authority to make the certification described in Section 4980H must reside with the IRS for both situations. *Id.*

The court concluded that the Letter 226-J satisfied I.R.C. § 4980H's certification requirement and that the IRS's assessment of the 2018 ESRP against Supreme Linen was valid. Doc. 32, at 26–28. The district court entered Final Judgment for the United States on February 25, 2026, providing that Supreme Linen take nothing from the action. Doc. 33. Supreme Linen timely noticed this appeal on April 18, 2026. Doc. 34.

## IV. Standards of Review on Appeal

This Court reviews de novo both the grant of summary judgment and the questions of statutory interpretation on which this appeal turns. *Est. of Keeter v. Commissioner*, 75 F.4th 1268, 1279 (11th Cir. 2023); *Ellis v. England*, 432 F.3d 1321, 1325–26 (11th Cir. 2005). The parties stipulated to all material facts; "[w]hen the only question a court must decide is a question of law, summary judgment may be granted." *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011).

## SUMMARY OF THE ARGUMENT

When Congress enacted the ACA employer mandate, it included procedural safeguards. When an employee becomes eligible for an advance tax credit, ACA § 1411(e)(4)(B)(iii) requires notification that the employer may face an ESRP assessment. ACA § 1411(e)(4)(C) requires notification of the HHS appeal process. And if the statute did not implicitly require reasonably prompt notice, 45 C.F.R. § 155.310(h) does.

Here, HHS did not notify Supreme Linen reasonably promptly after the November 2017 determination that one of its employees was eligible for a 2018 advance tax credit. Instead, in 2021 the IRS proposed an ESRP against Supreme Linen of $184,436.82. By then, it was too late for Supreme Linen to make corrections or have a meaningful HHS appeal.

Under Section 4980H(a)(2), until at least one full-time employee "has been certified to the employer under section 1411" of the ACA, no ESRP can be imposed. A Letter 226-J, issued by the IRS under its own procedures without notice of the right to an HHS appeal, is not a certification under ACA § 1411. Thus, the Government did not satisfy the preconditions to the ESRP assessment. The Court should reverse and order entry of judgment for Supreme Linen.

## ARGUMENT

### I. The IRS's Letter 226-J did not satisfy I.R.C. § 4980H(a)(2)'s requirement that potential ESRP liability be certified to the employer under ACA § 1411.

#### A. "Under Section 1411 of the ACA" means "according to the procedures described in Section 1411 of the ACA," including the employer notice requirements and HHS appeal rights.

The district court erred by interpreting "under section 1411" to mean "that the employee at issue in the certification required by Section 4980H is one who meets the eligibility requirements set forth in Section 1411." Doc. 32, at 17. As its title indicates, ACA § 1411 establishes "Procedures for determining eligibility," not substantive requirements. Those appear in other sections of Title 26 and Title 42, as the table below shows:

| **Term or criterion** | **Definitional Statute** |
|---|---|
| Qualified health plan | 42 U.S.C. § 18021(a) |
| Exchange; federally facilitated Exchange | 42 U.S.C. §§ 18031(b), 18041(c) |
| Premium tax credit; premium assistance credit amount | I.R.C. § 36B(a), (b) |
| Advance payment | 42 U.S.C. § 18082 |
| Applicable taxpayer | I.R.C. § 36B(c)(1) |
| Household income; modified adjusted gross income; family size | I.R.C. § 36B(d)(1)–(2) |
| Poverty line | I.R.C. § 36B(d)(3) |
| Minimum essential coverage | I.R.C. § 5000A(f) |

| **Term or criterion** | **Definitional Statute** |
|---|---|
| Eligible employer-sponsored plan | I.R.C. § 5000A(f)(2) |
| Affordability; required contribution; minimum value | I.R.C. § 36B(c)(2)(C) |
| Full-time employee (30 hours per week) | I.R.C. § 4980H(c)(4) |
| Return information used for verification | I.R.C. § 6103(l)(21) |

Thus, the Government must comply with ACA § 1411's procedural scheme.

The text compels this conclusion. "Under" is not defined, so it carries its common meaning. When used with a verb like "certify," "under" generally means "pursuant to" or "by reason of authority of" the referenced statute. *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 124 (2018). With a procedural statute like ACA § 1411, "under" means in accordance with the procedures. *Ardestani v. INS*, 502 U.S. 129, 135 (1991); *see Faulk Co.*, 777 F. Supp. 3d at 720–21; *see also, e.g.,* 42 U.S.C. § 18082(a)(1) (referring to advance determinations made "under [ACA § 1411]").

Congress's placement confirms this understanding. Section 4980H requires that the employee "has been certified to the employer under section 1411." "Certified to the employer" is the nearest reasonable

referent for the phrase "under Section 1411," and ACA § 1411 describes that process. *See Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1111 (11th Cir. 2016). The district court's interpretation is consistent with a different statute, one that reads as follows: "certified to the employer as having enrolled for such month in a qualified health plan with respect to which an applicable premium tax credit or cost-sharing reduction is allowed or paid with respect to the employee *under section 1411*."

As the *Faulk Company* court observed, if "Congress had merely intended for the IRS to certify an employer, as a process entirely detached from the notices required in ACA § 1411, there would be no need to refer back . . . . Instead, I.R.C. § 4980H would simply command the I.R.S. to provide its own certification." *Faulk Co., Inc. v. Becerra*, 777 F. Supp. 3d 714, 721 (N.D. Tex. 2025). The Government reads the phrase as surplusage. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 386 (2013); *see also Mackey v. Lanier Collection Agency & Servs., Inc.*, 486 U.S. 825, 837 (1988) ("[W]e are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law."). Supreme Linen's reading does not: it requires the certification to

result from the procedures Congress mandated in ACA § 1411. The Court should adopt Supreme Linen's reading.

B. Section 7801 does not give the IRS authority to perform duties assigned under ACA § 1411.

The district court reasoned that because I.R.C. § 4980H is located in Title 26, the certification function must belong to the IRS. Doc. 32, at 12–13. But Section 4980H is not "silent as to whether the IRS or HHS is responsible for issuing the required certification." Doc. 32, at 10. Section 7801 does not apply for two reasons: because ACA § 1411 is not located within Title 26, and because ACA § 1411 "expressly provide[s]" that it is administered by HHS (or an Exchange, where appropriate) rather than Treasury. I.R.C. § 7801(a)(1). And since Treasury does not administer ACA § 1411, it is not among the duties that "the Secretary may prescribe" to the Commissioner of the IRS. I.R.C. § 7803(a)(2)(A)

The district court found that the cross-reference was "not sufficiently specific to demonstrate that Congress intended for HHS to issue the required certification." Doc. 32, at 14. It analogized § 6305, the child and spousal support collection statute, which specifies "receiving a certification from the Secretary of Health and Human Services" as a precondition to assessment. Doc. 32, at 14. But the analogy does not hold,

because the reference to HHS in § 6305 merely clarifies. 42 U.S.C. § 652(b) already specifies that it is HHS who "shall . . . certify."

Similarly, under ACA § 1411, HHS is the party responsible for administering the eligibility and notice process, and it is HHS (or an Exchange) that must notify the employer. *See* 42 U.S.C. § 18081(a) ("The Secretary [of HHS] shall establish a program meeting the requirements of this section…."), 18081(e)(4)(B)(iii) ("If the Secretary [of HHS] notifies an Exchange that an enrollee is eligible for a premium tax credit under section 36B of title 26 or cost-sharing reduction under section 18071 of this title … the Exchange shall notify the employer of such fact and that the employer may be liable for the payment assessed under section 4980H of title 26."). This answers the question of who certifies.

It makes no difference that Congress referred to "section 1411" rather than "section 1411(e)." Doc. 32, at 15. As with the party responsible for the certification, sometimes Congress specifies the operative subsection, and sometimes it does not. *E.g.*, I.R.C. § 30B (referring repeatedly to "a certificate of conformity under the Clean Air Act"); I.R.C. § 142(l)(4)(i)(I) ("certification under the Sustainable Forestry Initiative Program and the American Tree Farm System"). It makes

sense to omit a reference to a specific subsection here, because the notification and employer appeal occur at the conclusion of the entire process.

There was no need for a distinct procedure to give "certify to" in I.R.C. § 4980H a different meaning than "notify" in ACA § 1411. Doc. 32, at 15, 20–22. According to Black's, to "notify" is to inform or make known, while "certify" means authenticate, verify, or attest as being true. Doc. 32, at 21. But the term "certify" does not always mean to adjudicate or determine an issue. It can describe a threshold determination that permits or requires further action. *E.g.*, 28 U.S.C. § 354(b)(2) (judicial counsel to certify that a judge "may have engaged in conduct" that is impeachable); 28 U.S.C. § 2403 (certification to attorneys general of constitutional challenges).

Notifying an employer that an employee qualifies for an advance tax credit fits this definition. ACA § 1411 describes what HHS does: make an advance determination and notify the employer. I.R.C. § 4980H(a)(2) describes the legal effect of the notice: a certification to the employer that clears the path for the ESRP. The two terms are not at odds in the ACA.

On the other hand, if a certification is just a formal notice, ACA § 1411's employer notice fits the bill. It follows an eligibility determination with step-by-step verification of every piece of information:

- Citizenship status, which is verified by the Secretary of Homeland Security or Commissioner of Social Security, ACA § 1411(b)(2), (c)(2);

- Income and family size, which is verified by the Secretary of the Treasury, ACA § 1411(b)(3), (c)(3); and,

- Employer information, full- or part-time status, details of any coverage offered by the employer, and details of any change in circumstances, which may be verified "in such manner as [HHS] determines appropriate." ACA § 1411(b)(4), (d).

This is not the end of the process, either. If information is inconsistent with Government records or cannot be verified, the Exchange must go further, making additional reasonable efforts like contacting the applicant and reviewing any additional evidence provided. ACA § 1411(e)(4). The employee may appeal any adverse determination. ACA § 1411(f)(1). Only after this exhaustive verification process is

complete does the individual become eligible to enroll through an Exchange and to apply for an advance PTC. ACA § 1411(e)(2)(A)(i). And only then is the employer to be notified that an enrollee is eligible for a PTC. ACA § 1411(e)(4)(B)(iii). The notice that emerges from this process is worthy of the term "certification." *See Faulk Co.*, 777 F. Supp. 3d at 721 n.3 (an ACA § 1411(e) notification "attests that an employer may be subject to a penalty (the ESRP)").

The Court should therefore read the ACA § 1411 employer notice provisions to be the target of Section 4980H's cross-reference.

C. The Government's reading would make the HHS appeal process completely optional and ultimately meaningless.

The Government's interpretation does more than make the words "under section 1411" unnecessary. It makes the statute's employer protections completely optional as well. To allow ESRP liability without notice and an opportunity for an HHS appeal would defeat the entire purpose of ACA § 1411(f)(2), which is supposed to provide rights "in addition to" those under Title 26. *See New York State Dept. of Social Servs. v. Dublino*, 413 U.S. 405, 419 (1973) ("We cannot interpret federal statutes to negate their own stated purposes.").

The district court did not address ACA § 1411(i), even though Supreme Linen relied on it to explain why the IRS does not administer Section 4980H in isolation. Doc. 20, at 8. ACA § 1411(i) confirms that Congress viewed the employer-facing process as integral to the administration of Section 4980H. Congress directed HHS, in consultation with Treasury, to study the procedures needed to administer Title I of the ACA and I.R.C. § 4980H so that employers have "adequate due process and access to information necessary to accurately determine any payment assessed on employers." 42 U.S.C. § 18081(i)(1)(B). It does not appear that the agencies ever conducted the study. At any rate, if Congress intended IRS self-certification after the tax year to displace the ACA § 1411 process, there would have been no reason to direct HHS to study employer due process procedures.

Finally, unless there is no other way to read the statute, the Court should apply the canon of taxpayer lenity. *Flight Options, LLC v. United States*, 177 F.4th 709, 725–32 (6th Cir. 2026); *United States v. Marshall*, 798 F.3d 296, 317–18 (5th Cir. 2015); *Exxon Mobil Corp. & Affiliated Cos. v. Commissioner*, 689 F.3d 191, 209–10 (2d Cir. 2012). The Court need

not go beyond the text here, but even if it does, it should still recognize that the procedural protections in ACA § 1411(e) are not optional.

D. <u>It would not have been difficult or impossible for HHS to provide Supreme Linen's ACA § 1411 notice.</u>

The district court reasoned that, because an eligible employee might later be denied the tax credit, no certification could occur until a return was filed and the IRS made a final determination. Doc. 32, at 22–24. But this case involves advance credits. Whenever an advance credit issues, HHS has all the information it needs to issue an ACA § 1411 certification. This follows from the definition of an "applicable premium tax credit" to include "any advance payment of such credit or reduction." I.R.C. § 4980H(c)(3)(C). As the Government conceded in the *Faulk* appeal, "HHS would have the information necessary to certify that an advance payment of the premium tax credit had been made to an employee." HHS could therefore certify that a premium tax credit had been "paid with respect to the employee," as I.R.C. § 4980H(a)(2) requires. Br. for the Appellants at 33–34, *Faulk Co., Inc. v. Kennedy*, No. 25-10773 (5th Cir. Dec. 8, 2025).

HHS would not have to disclose any confidential return information under I.R.C. § 6103(b) to certify advance payments, either. Applicants

provide eligibility information directly to HHS, so it is not return information at all. And receiving an advance credit does not disclose whether IRS will allow a tax credit for that year; that is only known after the taxpayer files a Form 8962 to reconcile the advance payment with the final tax credit. I.R.C. § 36B(f).

Finally, certifying enrollment and advance payment month by month works no great hardship. I.R.C. § 4980H(a)(2). The *Faulk Company* court correctly observed that monthly certifications were possible. 777 F. Supp. 3d at 722. But it is not clear that they are necessary. At the time the ACA § 1411 certification is supposed to issue, the enrollee has enrolled for the upcoming year (or the remainder of it), and HHS has allowed an advance tax credit for the plan period. ACA §§ 1411(b)(3)(A), (h)(1)(A)(i); 42 U.S.C. §§ 18031(c)(6)(B)–(C), 18082(c)(1)–(2); 45 C.F.R. § 144.103. Thus, Section 4980H(a)(2) requires nothing more than ACA § 1411(e)(4)(B)(iii) guarantees. Even if administrative convenience controlled statutory interpretation, it would not help the Government here.

E. The Letter 226-J did not comport with the statutory and regulatory requirements that apply to notices under ACA § 1411.

The agency of origin was not the only thing wrong with the Letter 226-J. The first and most important was the timing.

Where a notice requirement does not prescribe a fixed number of days, the Court requires reasonableness under the circumstances, focusing on whether the notice afforded a meaningful opportunity to object, comply, or prepare. *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210–11 (11th Cir. 2003) (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 434 n. 7 (1974)). HHS regulations also provide that the notification must occur "within a reasonable timeframe following a determination that the employee is eligible" for an advance credit. 45 C.F.R. § 155.310(h). And HHS's sample notification for the 2016 tax year is dated July 16, suggesting that even the agency believed notices should come during the tax year.[7] *See* Centers for Medicare & Medicaid Services, "Sample 2016 Employer Notice," *available at* https://www.cms.gov/marketplace/employer-initiatives.

[7] The letter is dated July 16, 2014, which appears to be an error.

Here, HHS knew in late 2017 that Supreme Linen could face ESRP liability. The 2021 notice came too late to matter. It gave Supreme Linen no notice of its potentially massive ESRP liability, much less a chance to appeal. I.R.C. §§ 4980H(a), (c)(1), (c)(2)(D)(i), (c)(5) (providing for an ESRP based on the product of (the number of full-time employees minus thirty) and ($2000, multiplied by the relevant premium adjustment percentage for the year)). The Court should not treat it as an effective certification even if it legally could have been under other circumstances.

The Letter 226-J also violates ACA § 1411(e)(4)(B)(iii), because it only notifies Supreme Linen about full-time employees. Doc. 14-2, at 6–7. Finally, it does not notify Supreme Linen of its right to an HHS appeal. The Letter 226-J does not mention appeals at all, and the follow-up only describes the IRS process. Doc. 14-2, at 1–2. In sum, the Court should not accept the Letter as a substitute for an ACA § 1411 certification.

F. <u>Any regulations contrary to the best reading of the statute do not control.</u>

45 C.F.R. § 155.310(i)'s delegation to IRS cannot save the day. After *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 394, 412 (2024), courts exercise independent judgment on questions of statutory authority. Because Congress gave responsibility for ACA § 1411 to HHS

without authority to delegate it, Treasury cannot certify. *U.S. Telecom Ass'n v. FCC*, 359 F.3d 554, 566 (D.C. Cir. 2004).

Indeed, HHS recognized this principle:

> *Comment*: One commenter suggested that IRS, and not HHS, effectuate the notice described in section 155.310(h) because (1) IRS has information about employers subject to free rider assessments, and (2) IRS maintains a database of employer contacts for the transmission of sensitive personal information . . . .
>
> *Response*: Section 1411(e)(4)(B)(iii) provides that this notice must be provided to employers by Exchanges in connection with certain eligibility determinations. It is not within the discretion of the Secretary to shift responsibility for provision of this notice to the IRS. . . .

77 F.R. 18310, 18357 (March 27, 2012). The Court should follow suit and recognize that HHS cannot delegate the ACA § 1411 certification process to Treasury either. *Faulk Co.*, 777 F. Supp. 3d at 725–26.

## CONCLUSION

I.R.C. § 4980H(a)(2) requires that certain information be certified to the employer "under section 1411" of the ACA. Because that never happened, it was not lawful to impose the ESRP. The judgment of the district court should be reversed, and the case remanded with instructions to enter summary judgment for Supreme Linen and to order a refund of $184,436.82, together with interest and costs allowed by law.

Respectfully submitted,

/s/ Gray Proctor

Gray Proctor
KOSTELANETZ LLP
309 E. Paces Ferry Rd., NE
4th Floor
Atlanta, GA 30342
Phone: (404) 301-4791

*Counsel for Appellant*

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), this brief contains 5398 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

September 15, 2026 /s/ Gray Proctor
*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to counsel of record.

/s/ Gray Proctor
*Counsel for Appellant*